UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

WILD EDIBLES, INC.,

Plaintiffs,

-against-

**AMENDED COMPLAINT**

INDUSTRIAL WORKERS
OF THE WORLD LOCAL 460/640,
BRANDWORKERS INTERNATIONAL
And DANIEL GROSS,

Docket No. 07 CV 9225
(Stanton, J.)

Defendant.
_____X

Plaintiff Wild Edibles, Inc. ("Wild Edibles"), by its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Amended Complaint against Defendants Industrial Workers of the World Local Union 460/640 ("IWW"), Brandworkers International ("BWI:"), and Daniel Gross ("Gross") (hereinafter collectively referred to as "Defendants") alleges as follows:

**NATURE OF THIS ACTION**

1.      This an action to seek damages pursuant to Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. §187 (the "LMRA" or "Section 303") based on the Defendants' repeated violations of the National Labor Relations Act ("the Act"), 29 U.S.C. §158 (b)(4) by threats, illegal picketing and other secondary boycott activity with the object of coercing and restraining neutral employers to cease doing business with Plaintiff. This action also seeks damages, injunctive relief, and other appropriate relief for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 USC §1961, *et seq.;* as well as damages for defendants' tortious interference with prospective economic advantage under New York State common law.

428989-1

2.     Plaintiff's claims are based upon a pattern of continuing unlawful conduct for the purpose of (a) coercing neutral employers to enter into agreements to cease doing business with Plaintiff, and to cease doing business with Plaintiff, unless and until Plaintiff recognizes Defendant(s) as the exclusive bargaining representative for its employees; and (b) coercing Plaintiff to accept the terms and conditions of employment for its employees as dictated by Defendants, notwithstanding Defendants' acknowledgment that such actions violate federal law intended to protect employee rights.

3.     Plaintiff alleges that Defendants, individually and in concert with each other, have conspired and agreed among themselves to commit the aforesaid violations, in violation of 18 U.S.C. §1962(d).

## JURISDICTION AND VENUE

4.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337, and 29 U.S.C. §187, because Defendants are residents of, have an agent or agents in, or transact their affairs in this district, because the acts and occurrences in furtherance of the claims alleged herein arose in this district, and because the ends of justice require that any parties residing in other districts be brought before this court.

## PARTIES

5.     Plaintiff Wild Edibles is a wholesale and retail purveyor of high quality fish and seafood products with a customer base comprised primarily of New York City's finest restaurants. Its principal place of business is located at 21-51 Borden Avenue, Long Island City, N.Y. Wild Edibles is an employer within the meaning of Section 2(2) of the Act. (29 U.S.C. §152(2)

428989-1

6.    Upon information and belief, defendant IWW is an unincorporated association and a labor organization as defined in Section 2(5) of the Act. ( 29 U.S.C. §152(5), with its principal place of business located at in the City, County and State of New York..

7.    Upon information and belief, Defendant Brandworkers International ("BWI") is an unincorporated organization acting as a labor organization as defined in Section 2(5) of the Act. ( 29 U.S.C. §152(5), and/or as the agent of and for Defendant IWW, operating in the City, State and County of New York.

8.    Upon information and belief, Defendant Daniel Gross ("Gross") is, and at all times hereinafter mentioned was, an officer, director, employee or agent of BWI and an organizer, officer or agent of IWW.

9.    That Defendants BWI and Gross are hereinafter collectively referred to as the "Advocate Defendants."

## THE DEFENDANTS' ILLEGAL SCHEMES

10.    Upon information and belief, beginning approximately two (2) years ago and continuing to date, the Defendants conspired together and agreed to continue a scheme to force retail food purveyors, including restaurant owners, to purchase their foodstuffs, including fish and seafood from companies other than Wild Edibles and only from companies who have entered into an agreement with IWW.  They have conspired to unlawfully boycott, exclude and deprive Plaintiff and other wholesale food purveyors that do not have a collective bargaining agreement with the IWW from the high-end retail food purveyor and restaurant market in New York City or, alternatively, to force Plaintiff to recognize, bargain and sign a collective bargaining agreement with the IWW, all with

428989-1

the purpose of unlawfully limiting competition in the New York City retail food industry and restaurant market to just those companies that are signatory to a collective bargaining agreement with the IWW.

11.     Upon information and belief, to effectuate these schemes, the Defendants obtain confidential business information about Plaintiff, and other similarly situated employers, from the IWW union members or supporters who are employed by the company, including a list of the restaurants and retail food purveyors that have been doing the most business with Plaintiff. The Defendants then sequentially target these Restaurants, etc. and conduct a campaign of coercive, intimidating, and extortionate conduct at each location, involving threats of picketing, harassment and confrontation with the retail customers, distribution of false and defamatory statements about Wild Edibles, and other unlawful conduct aimed at obtaining agreement by the retailer to cease doing business with Wild Edibles or other non-IWW companies.

12.     Upon information and belief, the intent and effect of the Defendant's actions is to instill in the retail food purveyors and restaurant owners fear of economic loss in the event they do business with Plaintiff or other non-IWW companies.

13.     Defendant's then exploit, that fear and induce the retail food purveyors and restaurant owners to agree that they will not do business with Plaintiff until the labor dispute is resolved to the satisfaction of Defendants.

428989-1

## THE DEFENDANT'S SCHEMES AS APPLIED TO PLAINTIFF

**Pastis**

14.    Prior to September 2007, Plaintiff had a long-standing business relationship with the restaurant known as Pastis and its affiliates (the "Baltazar Group").

15.    Upon information and belief, in or about September, 2007 the Advocate Defendants, and the IWW used the U.S. Mail, telephone and/or other facilities in interstate commerce to coordinate their coercion of Pastis.

16.    Upon information and belief, in or about September 2007, the IWW and, the Advocate Defendants, by use of U.S. Mail, telephone and/or other facilities in interstate commerce, conspired to and did individually and collectively: (a) defraud Pastis by making false assertions about Wild Edibles' employment practices; and (b) threaten Pastis that it would engage in picketing and other demonstrations at the restaurant which would involve and harass the restaurant's customers unless Pastis agreed to cease doing business with Plaintiff.

17.    On or about September 17, 2008 and thereafter, Defendants engaged in picketing activity aimed at Plaintiff in front of Pastis and did involve and harass the restaurant's customers.

18.    Thereafter on or about on or about October 4, 2008 Defendants entered into a written agreement prohibited by Section 8(e) of the Act with the "Baltazar group" whereby the Baltazar group agreed to cease doing business with Wild Edibles in order to avoid "the wrath of the Union" (as asserted on the IWW web site). Said "wrath" apparently consists of picketing and related activities by the IWW and the Advocate Defendants in front of the Baltazar group restaurants.

428989-1

19.    Shortly thereafter the Baltazar group did cease doing business with Plaintiff.

20.    As a result of the foregoing, Plaintiff was damaged by the loss of business in the amount of approximately $1,500,000.00 per year.

**Union Square Café**

21.    In or about October 2007, Defendants began a similar campaign of picketing, leafleting, display of an inflatable Rat and other demonstrations against Plaintiff in front of a restaurant Defendants believed was doing business with Wild Edibles known as the Union Square Café in the effort to threaten, coerce and restrain the restaurant to enter into an agreement to cease doing business with Wild Edibles.

22.    Upon information and belief, the Defendants used the U.S. Mail, telephones, and/or other facilities in interstate commerce to defraud (via the misrepresentation of Wild Edibles' employment practices and coerce Union Square Café to cease and refrain from doing business with Wild Edibles.

23.    Upon information and belief, in or about October 2007, the Defendant's, by use of the U.S. Mail, telephones and/or other facilities in interstate commerce, conspired to and did threaten Union Square Café that there would be "trouble" if Union Square continued to buy fish and seafood from Plaintiff, while misrepresenting the way in which Wild Edibles treated its employees.

24.    Upon information and belief Defendants did defraud and coerce the Union Square Café to enter into an agreement whereby the restaurant agreed to refrain from doing business with Wild Edibles in exchange for Defendants' agreement to cease their

428989-1

picketing activities in front of the restaurant and at the residence of the restaurant's owner.

**Other Restaurants**

25.    Upon information and belief since in or about October, 2007 the Defendants used the U.S. Mail, telephones, and/or other facilities in interstate commerce to coerce and defraud other restaurants, including La Golue, the Mermaid Inn, Sushi Samba, Georgione and Georgione 508 to cease and refrain from doing business with Wild Edibles.

26.    Upon information and belief, since in or about October 2007, the Defendant's, by use of the U.S. Mail, telephones and/or other facilities in interstate commerce, conspired to and did defraud and threaten La Golue, the Mermaid Inn, Sushi Samba, Georgione and Georgione 508 with unlawful and harassing activity in front of their restaurants and harassing their customers if they did not agree to cease doing business with Plaintiff.

27.    Upon information and belief Defendants did coerce and defraud La Golue, the Mermaid Inn, Sushi Samba, Georgione and Georgione 508 to each enter into an agreement to refrain from doing business with Wild Edibles in exchange for Defendants' agreement to cease their activities in front of their restaurant.

### SUMMARY OF DEFENDANTS' COMMON SCHEME

28.    Defendants' have engaged in the same pattern of conduct against each employer the IWW seeks to unionize, e.g., commence an FLSA action, seek to coerce neutral parties from doing business with the entity the IWW seek to organize and then

428989-1

use BWI as a purported "workers rights" organization rather than a labor organization to avoid claims of secondary activity.

29.    Gross holds himself out as the "face" of BWI, a "non-profit workers rights organization." Gross is also a union organizer for the Industrial Workers of the World

30.    BWI and Gross have acted as a labor organization with regard to Plaintiff with regard to the IWW union member employee grievances, the IWW labor disputes, wages, rates of pay, hours of employment, or conditions of work, and at all times as the agent of and for Defendant IWW to coerce or defraud Plaintiff into entering into a collective bargaining agreement with Defendant IWW prohibited by the Act.

31.    Defendants' have repeatedly stated their intention to destroy Plaintiff's business and put Plaintiff out of business and its employees out of work unless Plaintiff recognizes the IWW as the representative of its employees and agrees to the IWW terms in a collective bargaining agreement notwithstanding the fact that the IWW have never provided any evidence that the majority of Plaintiff's employee wish to be represented by the IWW or the other Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Rico Violations)

32.    Each and every one of the Defendants is a "person" within the meaning of 18 U.S.C. §§1961(3) and 1964(c).

33.    The Defendants are a group of persons associated together for the common purpose of carrying out the illegal extortion schemes described in this complaint. As a result of the foregoing, the Defendants constitute an association-in-fact "enterprise" within the meaning of 18 U.S.C. §1961(4) (hereinafter referred to as the "Extortion Enterprise").

428989-1

34.    At all times relevant, and continuing to date, the Extortion Enterprise was and continues to be engaged in, activities that affected and continue to affect, interstate commerce, within the meaning of §1962(c).

35.    Each of the Defendant's engaged in "racketeering activity" within the meaning of 18 U.S.C. §1961(1).  Specifically, as set forth above, each Defendant committed the predicate acts of (a) conspiring to (b)  attempting to, and (c) either committing or aiding and abetting the others in committing extortion, insofar as the Defendant's obtained property/concessions from the retail food purveyors, induced by the wrongful use of actual or threatened force/blocking of ingress and egress to and from their restaurants, violence or fear (including fear of economic loss) and thereby adversely affected commerce, all in violation of the Hobbs Act, 29 U.S.C. §1951.

36.    In addition, each Defendant, as set forth above, committed the predicate acts of (a) conspiring to, and (b) either using or aiding and abetting the others in using the U.S. Mail, telephones and/or other facilities in interstate commerce with the intent to promote, manage, establish, carry on or to facilitate the promotion, management, establishment, or carrying on of their unlawful extortionate schemes and thereafter took additional steps in furtherance of these schemes.

37.    Each Defendant conducted and/or participated, directly or indirectly, in the conduct of the Extortion Enterprise's affairs, through a "pattern of racketeering activity" within the meaning of 18 U.S.C. §1961(5) and in violation of 18 U.S.C. §1962(c), in that each Defendant committed two (2) or more of the predicate acts described above, which acts were related to each other by virtue of common participants,

428989-1

common types of victims, common purposes, common methods of commission, and the common results set forth above.

38.    At all times relevant, each of the Defendants was associated with or employed by the Extortion Enterprise insofar as each of them took part in the planning and executing of the unlawful schemes described herein.   Specifically, among other things, the IWW, Gross and BWI devised, orchestrated, and carried out the threats of union "trouble," strikes, picketing and other coercive activities to divert fish and seafood purchasers.

39.    As a direct and proximate cause of the Defendant's past and ongoing unlawful acts, Plaintiff has been injured in its business or property within the meaning of 18 U.S.C. §1964(c), in that Plaintiff suffered lost profits in the amount of approximately $1,500,000.00 loss of goodwill and other damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (RICO Violations)

40.    IWW and BWI together constitute an "enterprise" within the meaning of 18 U.S.C. §1961(4) (hereinafter referred to as the "IWW Enterprise"), which enterprise engages in, and the activities of which, affect interstate commerce.

41.    Each of the Defendants were employed by, an agent of or associated with IWW Enterprise as set forth above, and did conduct or participate in the affairs of IWW, directly or indirectly, through the pattern of racketeering activity described in this complaint, in violation of 18 U.S.C. §1962(c).

42.    As a direct and proximate cause of Defendants' past and ongoing unlawful acts, Plaintiff has been injured in its business or property within the meaning of 18 U.S.C.

428989-1

§1964(c), in that Plaintiff suffered lost profits in the amount of approximately $1,500,000.00 loss of goodwill, and other damages.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (RICO Conspiracy)

43.    Upon information and belief each of the Defendants' agreed and conspired to violate 18 U.S.C. §1962(c), in that each Defendant agreed to engage in such conduct and participate, directly or indirectly, in the conduct of the affairs of the Extortion Enterprise and/or the IWW Enterprise by engaging in two (2) or more predicate acts in furtherance of the enterprises' unlawful schemes, as set forth above.

44.    Each of the Defendants committed and caused to be committed a series of overt acts in furtherance of the Enterprises' unlawful schemes and to affect the objects thereof, including but not limited to the acts set forth above.

45.    As a direct and proximate cause of the Defendants' violations of 18 U.S.C. §1962(d), Plaintiff has been injured in its business or property within the meaning of 18 U.S.C. §1964(c), in that Plaintiff suffered lost profits in the amount of approximately $1,500,000.00 loss of goodwill and other damages.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST BWI & IWW
### (Tortious Interference)

46.    The Defendants' conduct, as described herein, constitutes unlawful secondary activity, in violation of §§8(b)(4) of the National labor Relations Act, 29 U.S.C. §§158(b)(4) insofar as IWW and its agents BWI and Gross threatened, coerced and restrained persons engaged in commerce or in an industry affecting commerce with the objects of forcing and requiring persons to enter into agreements prohibited by Section 8(e) of the Act, and to cease doing business with Plaintiff and forcing and

428989-1

requiring Plaintiff to recognize and bargain with IWW without any showing of uncoerced majority support of the IWW by its employees..         \

47.     By reason of the foregoing, the Defendants violated §303 of the Labor Management Relations Act, 29 U.S.C. §303 of the Labor Management Relations Act, 29 U.S.C. §303(a), 29 U.S.C. §187(a) in an amount not yet determined, but believed to be in excess of $1,500,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST BWI & IWW
### (LMRA §303)

48.     Upon information and belief, with respect to the lost purchases from the restaurants referred to in this complaint, the Defendants' knew of Plaintiff's pre-contractual relations with each restaurant. .

49.     Upon information and belief, the Defendants maliciously, intentionally, improperly and illegally interfered with Plaintiff's pre-contractual relations with intent to harm Plaintiff by improperly and unlawfully diverting work away from Plaintiff in order to cause it to lose business and exclude it from the high-end restaurant market in New York City.

50.     But for the Defendants' conduct, Plaintiff would have made at least its typical sales to each named restaurant. .

51.     The Defendants' interference with Plaintiff's relationships is continuing and intentional and has damaged Plaintiff in the loss of income, loss of good will, loss of future earnings and profits and other damages in an amount of at least $1,500,000.00, with additional amount to be proven at trial.

428989-1

WHEREFORE, it is respectfully requested that Judgment be entered in favor of

the Plaintiff and against the Defendants, jointly and severally as follows:

(A)    In the amount of $1,500,000.00 and any further sums proved at trial, with interest thereon from 8/20/07 for Defendants' RICO, LMRA and common law violations;

(B)    An injunction prohibiting any further unlawful conspiracy to engage in secondary activities, and or coerce purchasers of Plaintiffs' products to refrain from doing so;

(C)    Treble damages for Defendants' RICO violations;

(D)    The costs of this suit, including reasonable attorneys' fees; and

(E)    An order granting such additional, further and other relief, as this Court deems just and proper.

Dated: Mineola, New York
       April 14, 2008

Meltzer, Lippe, Goldstein & Breitstone, LLP

By:_____
    Richard M. Howard (RMH-2932)
    190 Willis Avenue
    Mineola, New York 11501
    (516) 747-0300
    Attorneys for Plaintiff
    Wild Edibles, Inc.

428989-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————X

WILD EDIBLES, INC.,

                Plaintiffs,     :

    -against-              :

                                                        **AFFIDAVIT OF SERVICE**

INDUSTRIAL WORKERS OF THE WORLD
LOCAL 460/640, BRANDWORKERS
INTERNATIONAL and DANIEL GROSS,

               Defendants.    :

————————————————————X

STATE OF NEW YORK}
                } ss:
COUNTY OF NASSAU}

      Carolyn A. Best, being duly sworn, deposes and says:

      That deponent is not a party to this action, is over 18 years of age and resides at Westbury, New York.

      That on the 14th day of April, 2008 deponent served the **AMENDED COMPLAINT** upon:

David B. Rankin, Esq.
350 Broadway, Suite 700
New York, N.Y. 10013

Susan Cameron, Esq.
Levy Ratner, P.C.
80 Eighth Avenue
New York, New York 10011

by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, by FEDERAL EXPRESS MAIL.

                                       _____
                                       CAROLYN A. BEST

Sworn to before me this
14th day of April, 2008

_____
NOTARY PUBLIC

418811-1

MARYANN KATCHEN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4891017
QUALIFIED IN QUEENS COUNTY
CERTIFICATE FILED IN NASSAU COUNTY
COMMISSION EXPIRES _____