# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILD EDIBLES, INC.,
               Plaintiffs,      :

        -against-              :      **COMPLAINT**

BRANDWORKERS, INTERNATIONAL  :      **Docket No. 07 CV**
and DANIEL GROSS,
                                        :
             Defendants.
-----------------------------------------------------------X

        The Plaintiff, Wild Edibles, Inc. ("Wild"), by its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Complaint against Brandworkers, International ("BW"), and Daniel Gross ("Gross"), sets forth the following:

### Parties, Jurisdiction and Venue

1.    Wild is a purveyor of fine fish and seafood products throughout the metropolitan area, maintaining a principal office for the transaction of business in New York County, New York.

2.    BW is, upon information and belief a fictitious name for a non-existant entity. It is neither a corporation, limited liability company, partnership, limited liability partnership, joint venture nor an unincorporated association.

3.    BW, whatever it may be, appears to operate from a principal place of business in New York City.

4.    Gross, is, upon information and belief a New York resident.

413604-1

5. This action is commenced pursuant to the Sherman and Clayton Antitrust acts, *Sherman and Clayton Acts* 15 USC § 1, et seq. ; 15 USC § 15, et seq., respectively.

6. Based upon the above, this Court has jurisdiction over the subject matter of this action and the Southern District of New York is the appropriate venue for this action.

### Background

7. In or about late August of 2007, Wild became aware of an attempt by the International Workers of the World, LU 460/640 ("IWW") to organize its employees.

8. More specifically, Richard Martin of Wild was asked by IWW organizer Barry Randel if he would negotiate with him.

9. Mr. Martin, refused to do so.

10. Certain employees of Wild then staged a strike and picketed Wild, upon information and belief, augmented by IWW and/or BW supporters/members.

11. Subsequently, certain Wild employees began coming to work late, leaving early or not showing up at all (those workers did not even bother to call to advise Wild they would not be coming to work)

12. Consequently, a few Wild employees were discharged due to their refusal to come to work and/or come to work in a timely fashion and/or remain at work throughout their shift.

413604-1

13. Thereafter, Wild was served with a summons and complaint for an action pending before the Honorable Louis Stanton of this Court, asserting, *inter alia*, that Wild failed to comply with the Fair Labor Standards Act ("FLSA") and retaliated against employees for complaining about alleged violations of the FLSA.

14. Subsequently, certain Wild employees, again heavily augmented by IWW and/or BW began picketing a restaurant ("Patis") that purchased fish and seafood products from Wild.

15. In doing so, BW and/or IWW and its demonstrators defamed Wild, asserting that its employees were forced to work under substandard conditions, without vacation benefits, health plans, retirement plans, etc.

16. In fact, Wild employees work under reasonable conditions, received vacation and holiday benefits and are eligible for both health and retirement plans.

17. Upon information and belief, Patis was told by Gross that the picketing would continue if Patis continued to buy products from Wild.

18. Upon information and belief, Gross and BW or Gross on behalf of BW and/or IWW continued to pressure Patis to cease purchasing products from Wild.

19. Finally, On October 4, 2007, Patis succumbed to the pressure from Gross and/or BW and/or IWW and executed the Agreement attached hereto as Exhibit "A."

413604-1

20. This Agreement provides that as long as Patis and its affiliated restaurants do not purchase products from Wild until currently pending proceedings before Judge Stanton and the National Labor Relations Board are resolved, neither BW nor IWW will engage in further concerted activity against Patis.

## AS AND FOR A FIRST CLAIM FOR RELIEF

21. Pastis has ceased purchasing products from Wild.

22. Wild has therefore been injured due to the restraint upon trade devised and effectuated by BW and/or IWW and Gross.

23. Consequently, Wild has suffered an antitrust injury in an amount not yet fully calculated, but which, if the loss persists, will exceed $1,000,000.00 per year.

24. BW and/or IWW and Gross do not profit or gain from their coercion of Pastis.

25. BW and/or IWW and Gross perpetrated an antitrust injury upon Wild and are jointly and severally liable to Wild for same in an amount to be determined at trial.

## AS AND FOR A SECOND CLAIM FOR RELIEF

26. BW and/or IWW and Gross knew that Pastis routinely entered into contracts with Wild for the purchase of Wild products.

27. BW and/or IWW and Gross coerced Pastis to cease entering into said contracts.

413604-1

28. Wild has lost money as a result of the loss of business from Pastis in an amount not yet fully calculated, but which, if the loss persists, will exceed $1,000,000.00 per year.

29. BW and/or IWW and Gross did not act out of a desire to acquire the Pastis business, but rather from a desire to harm Wild.

30. Consequently, BW and/or IWW and Gross intentionally interfered with the economic relations of Wild and are jointly and severally liable to Wild for same.

## AS AND FOR A THIRD CLAIM FOR RELIEF

31. The actions of BW and/or IWW and Gross have damaged Wild's customer relationship with Pastis.

32. Wild has therefore been irreparably harmed.

33. BW and/or IWW and Gross must therefore be enjoined from further concerted activity designed to harm Wild by damaging Wild's customer relationships and the Agreement between Pastis and BW must be deemed a nullity.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

34. On or about September 28, 2007, Gross and other representative of BW advised assorted members of the general public (both orally and in writing) that Wild employees worked under substandard conditions, including, but not limited to, the absence of vacations health plan benefits and/or retirement benefits.

35. Some or all of these statements were false.

413604-1

36. Wild has been damaged as a result of these statements losing, according to the Defendants and/or the IWW, 10% of its business or over $1,000,000.00

Wherefore, it is respectfully requested that judgment be entered in favor of Wild and against the Defendants, jointly and severally, for all monetary damages caused by the Defendants' unlawful acts, with interest thereon from September 28, 2007 and that these Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
October 12, 2007

Meltzer, Lippe, Goldstein & Breitstone, LLP

By _____
Richard M. Howard (RMH-2932)
Attorneys for Defendants
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

413604-1

# EXHIBIT "A"

10/05/2007  09:04   2124900991                     JACKSON LEWIS LLP                PAGE 01/01
10/04/2007  18:43   12129256299                       DOS GATOS
To: Keith McNally  Page 2 of 2
                                              2007-10-04 21:17:32 (GMT)               PAGE 01/01
                                                                    19175816128  From: Daniel Gross

## Agreement

In consideration of the mutual promises, covenants and agreements set forth below, Pastis and Brandworkers International agree as follows:

1) Within 7 days of execution of this Agreement by Pastis and Brandworkers International, Pastis and its affiliates shall cease to purchase from or do any business with Wild Edibles, its subsidiaries, affiliates, successors, assignees, directors, officers, or alter egos. Pastis affiliates shall include the following restaurants: Balthazar, Morandi, Pravda, Lucky Strike and Schillers Liquor Bar.

2) Upon execution of this agreement, Brandworkers International and the IWW shall not subject Pastis, its employees, or its customers to negative or critical messages regarding the Wild Edibles labor dispute, or engage in any protest activity for any reason or purpose, including but not limited to leafleting, hand-billing, or engaging in any group activity, at or near Pastis or its affiliates (Balthazar, Morandi, Pravda, Lucky Strike and Schillers Liquor Bar).

3) This agreement shall be terminated upon dismissal or resolution of the current labor and employment claims asserted by Wild Edibles' employees against Wild Edibles pending in the United States District Court and before the National Labor Relations Board.

Dated: 10/04/2007      Signature: _____

Name: Daniel Gross
Brandworkers International

Dated: 10/04/2007      Signature: _____

Name: J. Alexander van Schaick
Delegate, IWW IU 460/640

Dated: 10/04/2007      Signature: K. McNally

Name: Keith McNally