UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

WILD EDIBLES, INC.,

                    Plaintiffs,

           -against-

INDUSTRIAL WORKERS
OF THE WORLD LOCAL 460/640,
BRANDWORKERS INTERNATIONAL
And DANIEL GROSS,

                    Defendant.
_____X

**Docket No. 07 CV 9225**
**(Stanton, J.)**

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

By:  RICHARD M. HOWARD, ESQ.
Attorneys for the Plaintiffs

LAW OFFICES
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
THE CHANCERY
190 WILLIS AVENUE, MINEOLA, NY 11501

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES………………………………………………………………..i,ii

PRELIMINARY STATEMENT………………………………………………………....1

STATEMENT OF FACTS………………………………………………………………..5

POINT I
THE AMENDED COMPLAINT COMPORTS WITH
NOTICE PLEADING REQUIREMENTS………………………………………………5

POINT II
THE ACTIONS OF GROSS AND BWI REVEAL THAT BWI IS
A LABOR ORGANIZATION, SUBJECT TO MONETARY
DAMAGES UNDER 29 USC § 187 (LMRA §303)………………………………………..6

POINT III
THE AMENDED COMPLAINT ADEQUATELY SETS
FORTH A COGNIZABLE CLAIM FOR THE DEFENDANTS
VIOLATION OF THE RACKETEER INFLUENCED AND
CORRUPT ORGANIZATIONS ACT (RICO) 18 USC §1961, ET SEQ....……………..8

POINT IV
THE DEFENDANTS' USE OF UNLAWFUL MEANS AND WILLINGNESS
TO DESTROY WILD EDIBLES COMPLIES WITH DEFEDANTS' OWN
DEFINITION AND PLEADING REQUIREMENTS FOR THE CLAIM
OF TORTIOUS INTERFERENCE…………………………………………………….11

# TABLE OF AUTHORITIES

**Page**

## CASES

Carr v. Health Ins. Plan of Greater New York, Inc.,
2001 WL 563722 (S.D.N.Y. 2001) ………………………………………………………7

Colony at Holbrook, Inc. v. Strata, G.C., Inc.,
928 F.Supp.1224 (E.D.N.Y.1996)…………………………………………………………..9

Conopco, Inc. v. Wein,
2007 WL 1040676 (S.D.N.Y. 2007)………………………………………………………..7

Deal v. Seneca County
2008 WL 2020004 (W.D.N.Y. 2008)………………………………………………………5

Deshpande v. Medisys Health Network, Inc.,
2008 WL 2004160 (E.D.N.Y. 2008)………………………………………………………..5

Farmland Dairies, Inc. v. Milk Drivers & Dairy Employees
Union Local 680, Intern. Broth. Of Teamsters, AFL-CIO,
956 F.Supp.1190 (D.N.J. 1997)……………………………………………………………..2

Farmland Dairies, Inc. v. Milk Drivers & Dairy Employees
Union Local 680, Intern. Broth. of Teamsters, AFL-CIO
956 F.Supp.1190 (D.N.J. 1997)……………………………………………………………..8

Highland Capital Management, L.P. v. Schneider,
2008 WL 282769 (S.D.N.Y. 2008)…………………………………………………………7

Maersk, Inc. v. Neewra, Inc.,
2008 WL 929481 (S.D.N.Y. 2008)………………………………………………………9,10

New York, v. Oneida Indian Nation of New York,
2001 WL 1708804 (N.D.N.Y. 2001)………………………………………………………..7

Patane v. Clark,
508 F.3d 106 (2d Cir. 2007)………………………………………………………………..5

Playboy Enters, Int'l v. On Line Entm't, Inc.,
2004 WL 626807 (E.D.N.Y. Mar. 29, 2004)………………………………………………7

PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.,
2006 WL 1881744 (S.D.N.Y. 2006)………………………………………………………..7

Schmuck v. United States,
489 U.S. 705 (1989)……………………………………………………………………….10

Pereira v. United States,
347 U.S. 1 (1954)……………………………….……………………………………………10

Swierkiewicz v. Sorema N. A.,
534 U.S. 506 (2002)……………………………….……………………………………….5,6

Tortilleria La Poblanita And United Workers Of America, Local Union 660
2007 WL 952231 (N.L.R.B. Div. of Judges 2007)……………………………………………...6

United States v. Bortnovsky,
879 F.2d 30 (2d Cir.1989)……………………………………………………………………10

Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre,
647 F.2d 372 (1981), *cert. denied*, 454 U.S.1143 (1982).............................…………2,8

## STATUES

42 U.S.C. § 1985………………………………………………………………………………8

29 U.S.C. § 187…………………………………………………………………………1,6,8

29 U.S.C. § 158…………………………………………………………………………2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————X

WILD EDIBLES, INC.,

                    Plaintiffs,

          -against-

                                          **Docket No. 07 CV 9225**
                                          **(Stanton, J.)**

BRANDWORKERS INTERNATIONAL and
DANIEL GROSS,
                    Defendant.

—————————————————————X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANTS' MOTION TO DISMISS

### PRELIMINARY STATEMENT

While Defendants Brandworkers International ("BWI") and Daniel Gross ("Gross") are correct that an agent of a labor organizations is not liable for a monetary judgment under §303 of the Labor Management Relations Act, 29 U.S.C. §185, et seq. ("LMRA"), they are not correct that any portion of the Subject Amended Complaint should be dismissed. Some further amendment of the pleading may be advisable, but with or without same, the Subject Amended Complaint is accurately and adequately pleaded and the amendment relates only to greater specificity and particular remedies.

It has taken time between the service and filing of the initial Complaint until the present for BWI to explicitly reveal that it is not merely an agent of a labor organization. Rather, it is itself a labor organization, liable in monetary damages for its actions. As stated in greater detail below, inasmuch as BWI is, "…an organization in which employees participate;" and it exists "…for the purpose, in whole or in part, of dealing with employers

concerning wages, hours, and other terms and conditions of employment..." it is itself a labor organization, *Alto Plastics Mfg. Corp*. 136 NLRB 850, 851-852 (N.L.R.B.), 1962 WL 16493. The ruse IWW and BWI have tried to perpetrate must come to an end.[1] (The Defendants use BWI to extort recognition of IWW as a bargaining representative. If IWW engaged in picketing in support of recognition it would be limited to 30 days to do so as a labor organization. As BWI is purportedly conducting picketing it believes itself to be without any time limit, because it is purportedly not a labor organization or agent thereof and was purportedly not seeking recognition of a labor organization.) In fact, as it has now become clear, BWI is a labor organization and sought recognition for IWW.

Similarly, while Gross may not be liable under §303 as an agent of a labor organization, his individual actions taken prior to the formation of any contractual relationship between any labor organization and the Plaintiff herein, Wild Edibles, Inc. ("Wild Edibles") render him liable to Wild Edibles under Federal common law, *Farmland Dairies, Inc. v. Milk Drivers & Dairy Employees Union Local 680, Intern. Broth. Of Teamsters, AFL-CIO*, 956 F.Supp. 1190, 1198 (D.N.J.,1997), which cites to *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre*, 647 F.2d 372, 377 (1981), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982).

Turning to the RICO claims for relief, the Subject Amended Complaint adequately defines the two enterprises in question, the conspiracy in which the Defendants have engaged as well as the Defendants pattern of racketeering activity and the ongoing nature of that pattern (providing its "open ended continuity.") First, under the Hobbs Act, the

---

[1] /    29 USC §158 (b) (7) (c) precludes recognitional picketing for more than 30 days.

extortion of a collective bargaining agreement is an item of considerable value.   The history of the labor movement vividly illustrates how valuable a collective bargaining agreement may be, *Mt. Clemens Pottery Co*. 46 NLRB 714, 793, 1943 WL 10165, 70 (N.L.R.B.).

Specific instances of such extortion (harassment of patrons to refrain from frequenting the restaurant(s) in a physically coercive manner) have been testified about to a National Labor Relations Board Agent, by restaurant owner(s).   While that testimony is not yet available, it cannot be ignored.   The time frame is not in question and well known to the Defendants, as it is advertised on their web sites and set forth  in the Amended Complaint.

Similarly the identities of the two enterprises in question are quite clear.   One enterprise is composed of the three Defendants and those acting on their behalf; the other is made up of the two moving Defendants and those acting on their behalf.   The purpose of the enterprise and the conspiracy is set forth in no uncertain terms.  Gross has decided that either food wholesalers will recognize IWW as their employees' collective bargaining representative or he will extort the wholesalers' customers to cease doing business with the wholesalers until they are out of business.    Gross uses the sham identity of BWI to purportedly advocate for workers' rights and IWW as the recipient of the extortion. Together, Gross and the other IWW leaders, such as James Crutchfield, Billy Randle, Stephanie Basile, etc. conspired together to form the above described "end around" the restrictions imposed by the National Labor Relations Act.

3

The pattern in question is similarly set forth in the Amended Complaint, but can be set forth in greater detail as the Defendants have not deviated from that pattern and continue its application to the present day.[2]    The Defendants communicate with themselves, the public and those they extort, via use of the internet and the U. S. Mails. Attached to the Opposing Affidavit of Richard M. Howard (the "Howard Affidavit") are internet transmissions from the Defendants reflecting the conspiracy between themselves, and setting forth knowingly false statements of purported fact concerning Wild Edibles for review by the outside world. The Defendants have issued these missives on the internet knowing they are false, while intending to induce reliance upon their supposed accuracy. The Defendants' own web sites or blogs reveal the ongoing nature of the conspiracy, its three (3) year duration, etc.

As to the impact upon interstate commerce, Plaintiff asks the Court to take judicial notice of the Complaint issued against Wild Edibles by the National Labor Relations Board in Case No. 29-CA-28497 (long since resolved), which specifically asserted such an impact upon interstate commerce. Considering the presumption of governmental regularity, this should suffice.

Finally, turning to the tortuous interference claim, as depicted above and in the. Howard Affidavit, Gross has made his intentions and actions clear. He is willing to use and has used illegal means to destroy Wild Edibles and its customer relations. Consequently, the tortuous interference is adequately pleaded.

---

[2] /    Albeit, not currently against Wild Edibles, as its sole principal, Mr. Martin and Gross have been engaging in discussions concerning potential recognition of IWW and in response Gross has declared a hiatus.

Based upon the above, as set forth in greater detail below, the Amended Complaint sets forth cognizable claims against the Defendants and their motion to dismiss should be denied in its entirety.

## STATEMENT OF FACTS

The facts of this matter have been set forth in the Howard Affidavit and are respectfully incorporated by reference herein.

## POINT I

## THE AMENDED COMPLAINT COMPORTS WITH NOTICE PLEADING REQUIREMENTS

It is well settled that a complaint need not set forth a prima facie case against a defendant. Rather it must put the defendant on notice as to what it has allegedly done and why that is purportedly wrong. In *Deshpande v. Medisys Health Network, Inc*. 2008 WL 2004160, 4 (E.D.N.Y.,2008), the Court stated:

> To satisfy federal notice pleading standards "a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ( *quoting* Fed.R.Civ.P. 8(a) (2)). Under this system, "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." *Id.* at 511. Rather, a plaintiff's pleading "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests ... [and] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.* (citation and internal quotation marks omitted). "Only a statement of facts so conclusory that it fails to give notice of the basic events and circumstances on which a plaintiff relies should be rejected as legally insufficient under 12(b)(6)." *Patane v. Clark,* 508 F.3d 106, 116 (2d Cir.2007).

Similarly in *Deal v. Seneca County* 2008 WL 2020004, 5 (W.D.N.Y.,2008), the Court stated:

It is important to note that this is not a motion for summary judgment, but a motion to dismiss pursuant to Rule 12(b)(6). The issue is not whether plaintiffs ultimately will prevail but whether they are entitled to offer evidence to support their claims. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reaffirming the simplified notice pleading requirement of Rule 8.

In the case at bar, the motion is also pursuant to Rule 12(b)(6). Consequently, in accordance with the Supreme Court's pronouncement in *Swierkiewicz v. Sorema, Supra,* the Amended Complaint has more than put the Defendants on notice and said Amended Complaint, particularly in conjunction with the Howard Affidavit and the exhibits annexed thereto set forth a sufficient showing that Wild Edibles is entitled to relief.

## POINT II

## THE ACTIONS OF GROSS AND BWI REVEAL THAT BWI IS A LABOR ORGANIZATION, SUBJECT TO MONETARY DAMAGES UNDER 29 USC § 187 (LMRA §303)

A labor organization is defined as, "... an organization in which employees participate and which exists for the purpose of dealing with employers concerning employee wages, hours and other terms and conditions of employment." *Tortilleria La Poblanita And United Workers Of America, Local Union 660* 2007 WL 952231 (N.L.R.B. Div. of Judges), *see also, Alto Plastics Mfg. Corp. Supra.*

Here, with three employees present (apparently brought to the meeting by Gross), Gross, purportedly on behalf of BWI, spoke and repeatedly thereafter spoke demanding union recognition and terms and conditions of employment to be embodied in a collective bargaining agreement, to wit: wages, benefits, hours, etc.   Consequently, BWI is a labor

6

organization, as pleaded in the Amended Complaint and a cognizable claim against BWI

has been asserted.[3]

Questions remain, however, as to whether BWI has any existence independent of

Gross. Despite diligent search no record of the name or registration of any kind has been

revealed. As it appears that Gross may simply "be" BWI, he may be personally liable for

BWI's acts as a labor organization.

Furthermore, while it would require an additional amendment of the Amended

Complaint, Gross should be liable under Federal Common Law for the subterfuge he has

perpetrated. The issue of an individual acting beyond the bounds, but seeking to avoid

liability under the Labor Management Relations Act (as in the case at bar) was considered

---

[3] /    Should Defendants claim that Plaintiff should not be permitted to rely upon Gross' demands for recognition as being made in the context of settlement negotiations, it must be understood that the initial meeting described in the Howard Affidavit dealt with a Fair Labor Standards Act ("FLSA") Complaint currently pending before this Court, not with whether any labor organization had any right to recognition. Consequently, even if that meeting was claimed to be a settlement negotiation, it was not a negotiation concerning any claim in question. Further, it is not offered to prove the amount of liability in the FLSA action, but rather to disprove any claim that Gross and or BWI is not either the agent of or are themselves, a labor organization.

A statement made, even in the course of true settlement negotiations, is admissible when used to impeach another party or to show bias. As stated in *Conopco, Inc. v. Wein* 2007 WL 1040676, 4 (S.D.N.Y.,2007):

> Moreover, Rule 408 does not prohibit the use of settlement agreements for other evidentiary purposes, such as impeachment. *See, e.g., Playboy Enters. Int'l v. On Line Entm't, Inc.*, No. 00 Civ. 6618(DGT), 2004 WL 626807, at *5 (E.D.N.Y. Mar. 29, 2004) (noting that evidence of settlement, otherwise excludable pursuant to Rule 408, is admissible for purposes of impeachment); *Purcigliotti*, 1996 WL 337277, at *1 (settlement discussions may be used for impeachment).

*Accord, Highland Capital Management, L.P. v. Schneider* 2008 WL 282769, 22 (S.D.N.Y.,2008), *See Also, PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.* 2006 WL 1881744, 6 (S.D.N.Y.,2006); *In re Initial Public Offering Securities Litigation* 2004 WL 60290, 4 (S.D.N.Y.,2004).

Furthermore, inasmuch as Gross' offer itself establishes and proves the violation of the National Labor Relations Act, it is again wholly admissible, *New York, v. Oneida Indian Nation of New York* 2001 WL 1708804, 7 (N.D.N.Y.,2001); *Carr v. Health Ins. Plan of Greater New York, Inc.* 2001 WL 563722, 4 (S.D.N.Y.,2001).

7

in *Farmland Dairies, Inc. v. Milk Drivers & Dairy Employees Union Local 680, Intern.*

*Broth. of Teamsters, AFL-CIO* 956 F.Supp. 1190, 1198 (D.N.J.,1997), wherein the Court

stated:

> In *Kerry Coal,* the Third Circuit recognized, pursuant to *Atkinson,* that the individual union officers were immune from suit for money damages under sections 301 and 303. *Kerry Coal,* 637 F.2d at 965. However, other bases for jurisdiction against those defendants existed. Specifically, the court held that the plaintiffs could pursue claims against the individual defendants under 42 U.S.C. § 1985 as well as under the "federal common law" for "wanton and willful" violations of § 8(b)(4). *Id.*
>
> That same year, the Third Circuit revisited this issue in *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre,* 647 F.2d 372, 377 (1981), *cert. denied,* 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982), and limited the holding of *Kerry Coal* to permit suits for money damages against individual defendants only when the defendants do not have a contractual relationship with the plaintiffs. *Id.*

In the case at bar, no such contractual relationship exists, hence federal common law

liability should attach to Gross' actions.

Based upon the above, it is respectfully submitted that the Claim for Relief of the

Subject Amended Complaint pursuant to 29 USC §187 (§303 of the Labor Management

Relations Act) states a cognizable claim against the Defendants.

## POINT III

### THE AMENDED COMPLAINT ADEQUATELY SETS
### FORTH A COGNIZABLE CLAIM FOR THE DEFENDANTS
### VIOLATION OF THE RACKETEER INFLUENCED AND
### CORRUPT ORGANIZATIONS ACT (RICO) 18 USC §1961, ET SEQ.

Defendants assert the failure of the Amended Complaint to properly assert: (a) the

identities of the enterprises and conspirators involved; (b) the conspiracy in which the

Defendants engaged; (c) the predicate criminal acts committed in furtherance of said

8

conspiracy; (d) the continuity of said conspiracy; and (e) the impact of said conspiracy upon interstate commerce. As previously set forth herein and in the Howard Affidavit, the identities of the enterprises and conspirators are set forth in no uncertain terms between Gross, BWI and IWW.

It has become patent that Gross uses IWW and BWI interchangeably to avoid the proscriptions against recognitional picketing. Gross and BWI (if it has a separate identity) purport to advocate on behalf of workers' rights, when in reality they are demanding recognition of IWW. Inasmuch as Gross and BWI's version of advocacy includes the harassment of not only purchasers from Wild Edibles, but the harassment and physical intimidation of customers of those pruchasers, the identity of that "Advocate Defendant" enterprise is quite clear. Similarly, as IWW assists in furthering Gross and BWI's schemes and co-conspires to avoid both criminal and labor laws, the identities of the conspirators and the terms of the conspiracy within the "IWW Enterprise" are clear.

Wild Edibles recognizes that to state a RICO conspiracy claim, it must assert that each conspirator manifested an intention to commit the predicate illegal acts, *Maersk, Inc. v. Neewra, Inc.* 2008 WL 929481, 35 (S.D.N.Y.,2008), wherein the Court stated:

> To state a conspiracy claim, a plaintiff must allege that "each defendant, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of the RICO enterprise." *Colony at Holbrook, Inc. v. Strata, G.C., Inc.,* 928 F.Supp. 1224, 1238 (E.D.N.Y.1996) (internal citation and quotation omitted).

Here, by virtue of the electronic communication of Stephanie Basile of IWW, the assertions of Gross with another IWW organizer sitting next to him and also demanding recognition, the use of other IWW employees to attend the purported BWI demonstrations, the IWW web site asserting that restaurants signed agreements to refrain from doing

business with Wild Edibles "...to avoid the wrath of the union", etc., all conspirators have been identified and their assent to the extortion and wire fraud perpetrated is readily apparent.

The predicate illegal act in furtherance of the conspiracy have also been adequately shown. The extortion has been set forth by nature and date as violations of the Hobbs Act. While Plaintiff contends that nothing of value was sought by said extortion, this is either wrong or an issue of fact in dispute. As stated in _Mt. Clemens Pottery Co. Supra:_

> Doll, Sr., on cross-examination by Board counsel as to the gains made by the employees under the contract, testified the contract as a whole was "a bona fide collective bargaining agreement, which is of value to any organized group."

Furthermore, the Defendants' actions have constituted mail fraud on more than one occasion. As stated in _Maersk, Inc. v. Neewra, Inc._, _Supra:_

> To prove a violation of the wire fraud statute,[FN4] plaintiffs must establish the existence of a fraudulent scheme and a wire communication in furtherance of the scheme. _See Schmuck v. United States,_ 489 U.S. 705, 712, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); _Pereira v. United States,_ 347 U.S. 1, 8, 74 S.Ct. 358, 98 L.Ed. 435 (1954). While there is no requirement that the defendant personally mail a letter [or make a call], the plaintiff must show "1) that the defendant 'caused' the mailing [or call] ... and 2) that the mailing [or call] was for the purpose of executing the scheme or ... 'incidental to an essential part of the scheme.' " _United States v. Bortnovsky,_ 879 F.2d 30, 36 (2d Cir.1989) (quoting _Pereira,_ 347 U.S. at 8-9).

Here, the fraudulent scheme to extort recognition of IWW was partially effectuated by fraudulent wire communications, as attached to the Howard Affidavit. The Defendants herein published these communications on their web sites/blogs. Consequently, the predicate offenses have been provided.

10

Similarly, the effect upon interstate commerce is obvious given the nature of Wild Edibles' business. It trucks goods between states and the National Labor Relations Board has already asserted Wild Edibles' role in interstate commerce to permit the Board to exercise jurisdiction.

Finally, as to the continuity of the Defendants' scheme, The IWW's own web site makes that abundantly clear. As admitted thereon, It has been ongoing for three (3) years and customers of Wild Edibles are extorted and reach agreements hurting Wild Edibles "to avoid the wrath of the union."

Based upon the above, Defendants are fully aware of the RICO claims against them and cognizable claims exist and should be permitted to proceed.

## POINT IV

### THE DEFENDANTS' USE OF UNLAWFUL MEANS AND WILLINGNESS TO DESTROY WILD EDIBLES COMPLIES WITH DEFEDANTS' OWN DEFINITION AND PLEADING REQUIREMENTS FOR THE CLAIM OF TORTIOUS INTERFERENCE

Assuming *Arguendo,* the accuracy of Defendants' position, to wit: for tortious interference, the Defendant(s) must either use unlawful means or be motivated by a wholly malicious purpose; Plaintiff has adequately asserted a cognizable claim. Whether as a result of the illegal means of extorting Wild Edibles' purchasers (by physically intimidating their customers) or continuing picketing long after the 30 day period for recognitional picketing had lapsed, unlawful means were used by the Defendants.

Similarly, Gross' voiced desire to destroy Wild Edibles and put it out of business appears no more than pure malice. Either way, assuming a basis for pendant jurisdiction,

the Amended Complaint sets forth a cognizable claim for tortious interference with Wild

Edibles economic relations.

      Wherefore, it is respectfully requested that Defendants' motion to dismiss be denied

in its entirety and that Plaintiff be awarded such other and further relief as this Court deems

just and proper.

Dated: Mineola, New York
       June 23, 2008

                    MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

                    By: _____
                       RICHARD M. HOWARD (RMH-2932)
                       Attorneys for Defendants
                       190 Willis Avenue
                       Mineola, New York 11501
                       (516) 747-0300

12