UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
WILD EDIBLES, INC.,

                Plaintiffs,

-against-                              **AFFIDAVIT IN OPPOSITION**

INDUSTRIAL WORKERS
OF THE WORLD LOCAL 460/640,           Docket No. 07 CV 9225
BRANDWORKERS INTERNATIONAL        (Stanton, J.)
And DANIEL GROSS,
                Defendant.
———————————————————————X

STATE OF NEW YORK )
                           ) ss.:
COUNTY OF NASSAU )

Richard M. Howard, being duly sworn, does hereby depose and say:

**Introduction**

1. I am a member of the firm of Meltzer, Lippe, Goldstein & Breitstone, LLP, attorneys for the Plaintiff, Wild Edibles, Inc. ("Wild Edibles"). I make this affidavit in opposition to the motion to dismiss of the Defendants, Brandworkers, International ("BWI") and Daniel Gross ("Gross")

2. Considering the most recent actions of these Defendants, it is remarkable that they question BWI's status as a labor organization. BWI, via Gross, seeks to negotiate a collective bargaining agreement with Wild Edibles and has gone so far as to propose the terms of such an agreement to Richard Martin, the principal of Wild Edibles.[1]

---

[1] A copy of the complete proposal from BWI, including a proposed collective bargaining agreement is attached hereto as Exhibit "A." The inclusion of this material does not run afoul of FRCP 408 as it is not introduced to reveal the offer being made, but rather to impeach any assertion, implied or explicit by BWI that it is not a labor organization.

3. It has taken approximately ten (10) months for Gross and BWI to fully reveal their actual status. While BWI calls itself a workers' rights organization, its most recent actions are those that indisputably meet the definition of a labor organization, at the very least, an alter ego (if BWI had any purported independent existence whatsoever) of the Defendant, the Industrial Workers of the World ("IWW").

4. Consequently, while I initially told the Court that BWI was not a labor organization and in the Amended Complaint was unsure whether BWI was a labor organization itself or an agent of a labor organization (as this Court asserted), they have now made their position clear.

5. BWI, Gross and IWW seek to perpetrate a subterfuge upon the National Labor Relations Board and the Courts, using BWI to take actions a labor organization is not permitted to take, then hiding behind the Norris LaGuardia Act to forestall any injunction of their efforts.

6. If the Amended Complaint was not pleaded entirely correctly, certainly the Defendants were on notice of what is claimed. I believe that through this Affidavit and the accompanying Memorandum of Law, the existence of the necessary facts to support all claims for relief will be clear and, at worst; Plaintiff should be given leave to replead.

**Gross, BWI and the IWW are One and the Same, Thereby Subject to Suit Under §303 of the Labor Management Relations Act ("LMRA")**

7. Attached hereto as Exhibits "B - D" are various pages taken from the web site of IWW. Exhibit "B" lists Gross as an IWW organizer, providing his

436416-1                                    2

telephone number as 917-577-1110. Exhibit "C", lists the telephone number of IWW Starbucks Workers Union as that same 917-577-1110. Exhibit "D" reveals that the IWW's "foodstuffs warehouses" campaign began three (3) years ago and remains remarkably active; focused upon the entire wholesale food industry, not just Wild Edibles. Consequently, Defendants assertion that all relevant activity in this action commenced in 2007 is incorrect and the basis of the Amended Complaint's assertion of a multi year history and continuing pattern of racketeering activity is accurate.

8. Attached hereto as Exhibit "E" are two (2) pages from the October 2007 issue of the "Wobbly City," which describes itself as the newsletter of the NYC Branch of the IWW. Aside from asserting that Pastis (a group of New York City restaurants no longer doing business with Wild Edibles due to the actions of the IWW and BWI) stopped doing business with Wild Edibles to "avoid the wrath of the union," it again lists Gross' telephone number as the number for the Starbucks Union of the IWW.[2]

9. Attached hereto as Exhibit "F" is the most recent edition of "Wobbly City." Now, the sole telephone number for the IWW is Gross' number. In other words, by the IWW's own statement, if you wish to contact the IWW, contact Gross. No one else, just Gross.

10. Finally, in this regard, attached hereto as Exhibit "G" is a copy of an announcement from the IWW seeking support for "mass flyering" at Pastis.

---

[2] / While the IWW takes credit for causing Pastis to sign the agreement, I am advised it was Gross who presented same asserting he was acting on behalf of BWI at the time, although seeking a collective bargaining agreement for the IWW.

436416-1                                  3

Most interestingly, at the end of the request for persons to attend and assist, the document states:

> "IMPORTANT: The nonprofit workers' center, Brandworkers International, has sent Pastis a letter requesting the restaurant sign a contract stating that they will stop using Wild Edibles as a supplier. The bosses at Pastis are well aware of what they are being asked to do. The IWW is leafleting outside Pastis, but is not the group who is requesting the contract with Pastis. If anyone from Pastis attempts to talk to you, simply say, "You know what you need to do," and say no more."

11. There are only two reasons this warning would be required. First, even the members of the IWW cannot tell the difference between BWI and IWW. Second, BWI was obviously seeking union recognition of the IWW. If the National Labor Relations Board were to find that the IWW was seeking recognition then such demonstrations would have to cease after 30 days, a time long since past. Instead, only BWI seeks recognition for the IWW, trying to avoid the provisions of the National Labor Relations Act. Such a transparent subterfuge cannot be sanctioned.

12. As BWI, Gross and IWW act as one, they must be treated as one and all must be subject to suit under §303 of LMRA.

**BWI via Gross and IWW Have Committed More than Two Predicate Felonious Acts in Their Ongoing Campaign to Put Wild Edibles Out of Business**

13. Defendants assert that the violations of the Hobbs Act have been pleaded deficiently as no property of value (that which could be traded) could have been obtained or was sought. Here what was sought was one of two things: (a) either a collective bargaining agreement which has significant value and many companies would pay significant amounts to be free of same, while

many labor organizations invest substantial sums to acquire same; or (b) the destruction of Wild Edibles, which Wild Edibles' competitors would relish and probably pay dearly for. Either item is of substantial value.

14. Furthermore, even if there were no Hobbs Act violations, there were predicate felonious acts of wire fraud. Attached hereto as Exhibit "H" is a page taken from the BWI website, which asserts that:

> Workers are learning how to communicate their story through the media and on the internet. Finally, Brandworkers is working closely with the employees to educate new workers about their right to legal claims and join a labor union.

15. I sat across a table from Gross when he stated in front of three Wild Edibles' employees that he did not care if every employee lost his job, if he put Wild Edibles out of business. Of course none of the employees understood the statement as they did not speak English. (Obviously they were not being taught to communicate their story in any medium and they were not learning about joining a union, Gross was simply acting to destroy Wild Edibles.)

16. Attached hereto as Exhibit "I" is another page taken from the BWI web site, which asserts that, "workers at Wild Edibles and elsewhere are working in shameful and deplorable conditions." It also asserts that workers from Wild Edibles held a press conference in front of Pastis after filing an action against Wild Edibles (currently pending before this Court.)

17. In fact, Gross acknowledged to Richard Martin, Wild Edibles' principal that his employees were treated better than almost all in the industry (paid

vacation, contributory health plan, paid sick days, contributory retirement plan, etc.) Their work conditions were not deplorable.

18. Similarly, upon information and belief, the overwhelming majority of persons who have attended any BWI events concerning Wild Edibles have been IWW supporters, not past or present Wild Edibles' employees.

19. As these statements were knowingly false when made and transmitted over the internet, hoping to induce reliance upon their accuracy, they constitute wire fraud and should serve as sufficient predicate felony acts.

20. The longstanding and ongoing nature of the conspiracy is self-evident from the previously attached pages of the IWW's web site. The remaining issues set forth by the Defendants are: (a) insufficient identification of either Enterprise, including a hierarchy of the participants; (b) a failure to plead that each Defendant participated; and (c) a failure to sufficiently plead the impact upon interstate commerce.

21. The impact upon interstate commerce is evident from the National Labor Relations Board's continued review of the charges filed by both Wild Edibles and the IWW. Absent such an impact, the Board would be devoid of jurisdiction.

22. As to the hierarchy of the enterprises. All that can be stated at this time is that it appears that Gross stands at the forefront and all actions and strategies emanate from him. As previously stated, I witnessed Gross speak authoritatively on behalf of the IWW and/or BWI (there appeared no difference) when I sat directly across from him. Whether his direct

   subordinate is Mr. Crutchfield, Ms. Basile, Ms. Krauthammer, etc., cannot be stated at this point without discovery, but Gross' position is clear.

23. Based upon the above, it is respectfully submitted that sufficient predicates, pattern and other requisite indicia of RICO liability have been pleaded.

**<u>Wild Edibles Has Properly Asserted a Claim for Tortious Interference With Its Economic Relations</u>**

24. Defendants assert that Plaintiff failed to sufficiently plead either malice or use of unlawful means to state a claim for tortuous interference with economic relations. Gross' malice was made clear when he asserted his total disdain for Wild Edibles and his desire to put it out of business causing every employee to lose their job.

25. Similarly, the use of unlawful means by BWI has been set forth to the National Labor Relations Board and they have taken affidavit(s) from person(s) who witnessed same. At this point in time, Wild Edibles can not aver the exact threats uttered, customers of restaurants harassed, etc. I am advised, however, that this information will become available when the Board completes its investigation.

26. Under either basis, Wild Edibles has sufficiently pleaded these Defendants' tortious interference with its economic relations.

Wherefore, it is respectfully requested that Defendants' motion to dismiss the

Subject Amended Complaint be denied in its entirety and that Plaintiff be awarded such other and further relief as this Court deems just and proper.

_____
RICHARD M. HOWARD

Sworn to before me this
23rd day of June, 2008

_____
NOTARY PUBLIC

**ALEXANDER LEONG**
Notary Public, State of New York
No #02LE6105632
Qualified in Nassau County
Commission Expires Feb. 2008

436416-1                            8